McEvoy, J.
This matter came before the court on Plaintiffs Motion for an Assessment of Damages against the defendant Francis Gentle, Inc. on April 22, 1998, summary judgment against this defendant on Counts I (Breach of Contract), Count II (Breach of Contract) and Count V (Ch. 93A violations) having been allowed in April of 1997. The remaining Counts of the Complaint referred to other defendants, which matters were not before the Court.[1] The corporation was not represented at the hearing.
TKO is a manufacturer’s representative in the medical equipment field. Robert Tomasetti is the president of TKO. TKO contracts with independent contractors through written agency agreements to act as exclusive sales representatives in specified geographical locations. All representatives were required to sign employment contracts, which included a specified term of employment, a specified territory, an independent contractor status, noncompete agreements, confidentiality agreements regarding products, prices, etc. and nonsolicitation agreements. All contractors were required to become incorporated. The defendant Gentle signed an agency agreement in March 1993, and incorporated as Francis Gentle, Inc. in April 1993. In February 1994, Gentle signed a new agency agreement which changed, in part, his territory and commission schedule and increased the nonsolicitation period for manufacturers from six months to two years. The defendant’s area included Vermont, New Hampshire, Maine, Eastern Massachusetts and Rhode Island.
In January 1994, the defendant Reilly, who was also a manufacturer’s representative, resigned from TKO, and advised TKO that he would be purchasing Eastern Medical, a competitor medical equipment corporation serving New England. TKO claims that this was in direct violation of the agreement.[2] In the early summer of 1994, Tomasetti received information which caused him to believe that Gentle was working for Reilly and Eastern Medical in violation of the agreement. Gentle denied it. On August 19, 1994, after several events occurred which indicated that the allegation was true, Gentle admitted that he had been working for Reilly during his employment with TKO. TKO then sent letters to all its customers and manufacturers to reassure them that TKO was a viable force in the industry. Tomasetti also informed them that Gentle was no longer with the company, and of the noncompete agreement. Reilly was also so informed. The contract with Gentle required him not to work in the area for six months and to not solicit manufacturers for two years.
As a result of the violation of the agreement, TKO suffered the following damages.
Breach of Contract (January 1994 through August 1994).
The difference in Gentle’s monthly commissions compared for June, July and August 1993 with the same period in 1994, was $4768.00 ($9314 minus $4546). At a commission rate of 60%, the lost business to TKO due to Gentle not devoting his full time and attention to TKO was $8000.
Breach of Contract (August 1994 to August 1996)
1. Solicitation of Manufacturers
As a result of Gentle’s actions, TKO lost PMP as a manufacturer. The contract period between PMP and TKO ended seven months premature. The average monthly commissions had been $7000. Therefore, the damages for the premature breach are $49,000 (7 x 7K).
As a result of Gentle’s actions, Bollinger became a manufacturer for Eastern Medical. The average monthly commission sales during that time averaged $250 per month. TKO no longer represented Bollinger in 1995 through August 1996. Total damages incurred by that loss total $5000.
Violation of the noncompete agreement
During the six month noncompete period, it was required of Gentle to avoid competition with TKO in the specified territory. During that period, August 1994 through January 1995, Gentle earned commissions for Reilly of $7723 in 1994, and $1400 in January 1995. At the 75% commission rate, revenues necessary to generate those commissions were $12,150, which reflect the damages for said violation.
The total damages for the breach of contract are $74,150.
Violation of Ch. 93A, §11.
In the context of business to business disputes, in order to establish a violation of Chapter 93A, the plaintiffs must show that the action of the defendant constituted an unfair method of competition or an unfair or deceptive act or practice declared unlawful *538 by §2. In the context to a business to business relationship, the plaintiff must show that the objectionable conduct attained “a level of rascality which would raise an eyebrow of someone inured to the rough and tumble world of commerce.” See Compagnie de Reassurance v. New England Reinsurance, 825 F.Sup. 370, 381 (D.Mass. 1993). Furthermore, the plaintiff must show a causal connection between the deception and the loss and that the loss was foreseeable as a result of the deception. International Fidelity Insurance Company v. Richard E. Wilson, Sr., 387 Mass. 841, 850 (1983).
In this case, the defendant’s conduct was intentional, in clear violation of known contractual agreements and intended to secure benefits for the defendant. The fact of the business relationship between Gentle and Eastern Medical was intentionally kept secret from the plaintiff during the contractual term, notwithstanding inquiry from the plaintiff. This was clearly deceptive conduct. Reilly and Gentle both kept their business relationship secret from the plaintiff, and as a result the plaintiffs business was adversely affected. PMP, one of the plaintiff’s manufacturers, was directly approached by the defendants in an attempt to solicit business away from the plaintiff. The defendant was warned by the plaintiff that he was in violation of the agreement, and that Gentle was the sole representative of the plaintiff in Massachusetts, Maine, Vermont and New Hampshire. The defendant continued to spend the time selling products for Eastern Medical taking away its resources from the plaintiff. This conduct was in clear violation of the defendant’s known contractual relations, was intentional, and constituted an unfair and deceptive act or practice in violation of Chapter 93A.
ORDER
It is hereby ORDERED that the damages resulting from this Chapter 93A violation are the breach of contract damages in the amount of $74,150 as set forth infra. As a result of this wilful and knowing violation, this Court finds for the plaintiff against the defendant and will double said damages. Therefore, the total damages to be awarded are $148,300.

 The counts against the defendant Reilly had been settled. The individual defendant Gentle has filed for bankruptcy and all proceedings against him individually have been stayed.

 Summary judgment was granted in TKO’s favor against Reilly, after which the parties settled that case.